UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUIS TRUJILLO VAZQUEZ,<br><br>Petitioner,<br>v.<br><br>BRUCE SCOTT et al.,<br><br>Respondents. | CASE NO. 2:26-cv-01742-LK<br><br>ORDER DENYING MOTION TO AMEND JUDGMENT |

This matter comes before the Court on Petitioner Luis Trujillo Vazquez's Motion to Alter or Amend Judgment. Dkt. No. 15.[1] For the reasons discussed below, the Court denies the motion.

## I. BACKGROUND

The background facts are set forth in the Court's order denying Trujillo Vazquez's petition for habeas corpus, Dkt. No. 12 at 1–3, and will not be repeated here. On August 3, 2026, the Court

[1] Trujillo Vazquez's motion does not include a certificate of the word count as required by Local Civil Rule 7(e)(6). Nevertheless, the Court considers the motion but warns counsel that further violations of applicable Court rules may result in sanctions. The Court further notes that Trujillo Vasquez's habeas petition is not verified by anyone in violation of Local Civil Rule 100. LCR 100(e) ("If a petition . . . is not made and verified by the party in custody, the person making such petition . . . shall verify the same on behalf of such party in custody, and shall set forth therein the reason why it is not made and verified by the party in custody, and shall state he or she knows the facts set forth therein, or if upon information and belief, the sources of his or her information shall be stated.").

denied Trujillo Vazquez's petition for habeas corpus, finding that Trujillo Vazquez had not shown that his arrest or detention violated his due process rights. *Id.* at 5–8. The Court also held that prudential exhaustion was required of Trujillo Vazquez's claim that his bond hearing failed to provide due process. *Id.* at 8–14. On August 29, 2026, Trujillo Vazquez filed this motion to alter or amend the judgment. Dkt. No. 15.

## II. DISCUSSION

Trujillo Vazquez requests that that Court "alter or amend the habeas judgment in light of the need to correct a clear error of law or prevent manifest injustice." *Id.* at 2. Respondents oppose the motion. Dkt. No. 16.

### A. Legal Standard

Under Rule 59(e), a party may move the court to amend its judgment within 28 days after entry of judgment. Fed. R. Civ. P. 59(e). Rule 59(e) provides an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation modified). In general, a Rule 59(e) motion may be granted:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)); *see also Carroll*, 342 F.3d at 945 (a Rule 59(e) motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law" (citation omitted)).

**B. Relief from the Judgment Is Unwarranted**

Trujillo Vazquez argues that the Court erred in finding that he did not properly present his argument regarding the exhaustion of his administrative remedies because he raised it for the first time in his traverse. Dkt. No. 15 at 2–3. The Court does not consider this contention further because it does not show manifest error; the Court specifically noted that even if it "were to consider the exhaustion issue, . . . Trujillo Vasquez would not prevail," and addressed the merits of the exhaustion issue even though Trujillo Vazquez raised it for the first time in his traverse. Dkt. No. 12 at 10–14.

Trujillo Vazquez also argues that his petition "challenged multiple independent constitutional violations, including [the Department of Homeland Security ('DHS')]'s reliance on an improper and contradictory detention framework, the Government's failure to provide constitutionally adequate individualized process after depriving Petitioner of his liberty, and a bond proceeding that failed to cure those constitutional deficiencies," and none of these issues represent "routine factual disputes that prudential exhaustion is intended to address." Dkt. No. 15 at 3. Far from showing manifest error, this argument ignores the section of the Court's order that specifically addressed Trujillo Vazquez's arguments that Respondents provided an "improper and contradictory detention framework," and "fail[ed] to provide constitutionally adequate individualized process after depriving [him] of his liberty[.]" *Id.*; *see* Dkt. No. 12 at 7–8 (finding that Trujillo Vazquez "identifie[d] no procedural requirements . . . that he was denied," nor did he "address the fact that DHS did provide a lawful, individualized, and correct justification in the [Notice to Appear]: Trujillo Vazquez remained in the United States without authorization after his visa expired"). Trujillo Vazquez's disagreement with the Court's conclusions and reiteration of his prior arguments are not a basis to amend the judgment.

Next, Trujillo Vazquez argues that the Court should have excused prudential exhaustion of his administrative remedies because "the bond hearing itself failed to provide the meaningful, individualized process required by due process" and the immigration judge ("IJ") "relied upon unproven criminal allegations that were ultimately not prosecuted, failed to explain why those allegations nevertheless justified continued detention, failed to articulate a reasoned basis for continued detention, and failed to meaningfully engage with [his] favorable evidence." Dkt. No. 15 at 5. Trujillo Vazquez contends that the Court "treated the absence of a more developed administrative record as a reason to deny review altogether" and "improperly shifted the burden of creating a constitutionally adequate record to [him.]" *Id.* at 8. Respondents argue that Trujillo Vazquez "did not properly raise or develop any argument concerning prudential exhaustion." Dkt. No. 16 at 3. They contend that Trujillo Vazquez had the burden of arguing that exhaustion was excused in his petition because he bore the burden of proof on that issue. *Id.* (citing *Aden v. Nielsen*, No. 2:18-cv-1441-RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019)).

Trujillo Vazquez's motion does not show manifest error in requiring prudential exhaustion under the specific facts of this case. Dkt. No. 12 at 11–13. As the Court explained, Trujillo Vazquez—who was represented by counsel—did not appeal the IJ's bond decision and "seem[ed] to have bypassed an appeal to strengthen his arguments before the Court" that the IJ's decision was insufficient. Dkt. No. 12 at 12. Moreover, his filings misrepresented the factual record and failed to show that there were procedural issues with the bond hearing. *Id.* at 12–13 n.5. And while the only declaration supporting the unverified petition asserts that the IJ did not include detailed reasoning in a *written* bond denial order, the declarant does not contend that the IJ failed to *orally* explain the basis for his ruling during the hearing. Dkt. No. 2. In addition, as the Court explained, "this case does not involve a 'discrete legal question, the resolution of which may provide concrete guidance for future administrative proceedings.'" *Id.* at 12 (quoting *W.T.M. v. Bondi*, No. 2:25-

CV-02428-RAJ-BAT, 2026 WL 262583, at *2 (W.D. Wash. Jan. 30, 2026 (citation modified))). The Court also explained that if the agency made mistakes, administrative review would likely allow the agency to correct them. *Id.* at 13. Thus, all three of the *Puga* factors weighed in favor of requiring exhaustion here. *See Puga v. Chertoff*, 488 F.3d 812 (9th Cir. 2007).

Nor has Trujillo Vazquez shown any manifest error in the Court's conclusion that he failed to show that any of the *Laing* factors applied to justify excusing exhaustion. Dkt. No. 12 at 13 (citing *Laing v. Ashcroft*, 370 F.3d 994 (9th Cir. 2004)). The traverse's conclusory statement on that issue—that a constitutional violation occurred and administrative review would serve only to delay judicial intervention—did not show that any of the *Laing* factors applied to Trujillo Vazquez. *Id.* (citing Dkt. No. 8 at 3). As the Court explained, it could not "forgive Petitioner his burden under *Laing*, engage in a fact-finding mission on Petitioner's behalf, or speculate as to harms Petitioner may suffer while detained during the pendency of BIA review." *Id.* at 13–14 (quoting *Calderon v. Mullin*, No. 2:26-cv-01512-GJL, 2026 WL 1487774, at *3 (W.D. Wash. May 28, 2026)); *see also Zuo v. Hermosillo*, No. 2:26-cv-00708-JHC, 2026 WL 809882, at *2 (W.D. Wash. Mar. 24, 2026) (declining to waive exhaustion requirement when petitioner failed to make specific contentions regarding irreparable harm). Trujillo Vazquez cannot now shore up his failure to show that any of the *Laing* factors applied with belated arguments in his motion to amend the judgment.[2]

Trujillo Vazquez also argues that he was not required to show greater injury than being detained the approximately "204-day BIA appeal process" period." Dkt. No. 15 at 5. If that were true, then exhaustion would be excused in every habeas case, which is not the law. In addition, had

[2] Trujillo Vazquez also argues that the Court erred in not considering a declaration from his counsel authenticating an exhibit because the declaration was not signed under penalty of perjury in compliance with 28 U.S.C. § 1746, even though the Court considered Respondents' authenticating exhibit that had the same problem. Dkt. No. 15 at 9 (citing Dkt. No. 12 at 10 n.4). The result would not have changed had the Court considered the exhibit, or alternatively, had the Court not considered the exhibits to the Andrade declaration, Dkt. No. 6, as Respondents supported their factual assertions through another (compliant) declaration, Dkt. No. 7.

Trujillo Vazquez appealed the no bond decision, the IJ would have supplied a written decision without awaiting an appellate decision from the BIA, thereby eliminating Trujillo Vazquez's complaint about the absence of a written decision. In sum, Trujillo Vazquez has not shown manifest injustice in the Court's prior order.

## III. CONCLUSION

For the foregoing reasons, Trujillo Vazquez's motion, Dkt. No. 15, is DENIED.

Dated this 25th day of September, 2026.

Lauren King
United States District Judge